UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN MICHAEL DICKS,

    Plaintiff,

v.                              Case No. 3:23-cv-409-MMH-MCR

DEPUTY ROBERT FIPPS,

    Defendant.
_____

## ORDER

### I.  Status

Plaintiff Stephen Michael Dicks, an inmate of the Florida penal system, initiated this action in the Northern District of Florida by filing a Civil Rights Complaint under 42 U.S.C. § 1983 on April 3, 2023 (mailbox rule) (Doc. 1; Complaint). On April 10, 2023, the Honorable Michael J. Frank, United States Magistrate Judge, transferred the case to this Court (Doc. 4). Dicks names one Defendant – Deputy Robert Fipps. Complaint at 2. He contends Defendant Fipps violated his rights under the Fourth Amendment when he conducted a warrantless search of Dicks's cell phone. Id. at 6. He requests declaratory relief and punitive damages. Id. at 8.

This matter is before the Court on Defendant Fipps's construed motion for judgment on the pleadings (Doc. 23; Motion) with exhibits (Doc. 22).[1] Dicks filed a response to the Motion (Doc. 28; Response) with exhibits (Doc. 29). The Motion is ripe for review.

## II.   The Complaint[2]

In the Complaint, Dicks asserts that during the early morning hours of January 13, 2019, he called 911 because he was experiencing a disturbance at his home. Complaint at 5. Defendant Fipps responded to the call and arrived at the scene. Id. at 5-6. After Fipps arrived, emergency staff transported Dicks

---

[1] Fipps originally titled his Motion as a motion for summary judgment. See Motion. Dicks objected to Fipps's Motion, arguing summary judgment was premature as no discovery had yet been conducted. See Motion to Dismiss Defendant's Motion for Summary Judgment and Request to Proceed for Further Factual Development (Doc. 25). Before Fipps filed the Motion, he filed an answer asserting a failure to state a claim defense, see Answer and Affirmative Defenses by Defendant Deputy Robert Fipps (Doc. 18); and was permitted to immediately file an amended answer to assert a statute of limitations defense, see Order (Doc. 26); Amended Answer and Affirmative Defenses by Defendant Deputy Robert Fipps (Doc. 27; Answer). Considering the affirmative defenses raised and the procedural posture of the case, the Court construed Fipps's Motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and directed Dicks to respond. See Order; see also O'Hagan v. M & T Marine Group, LLC, 2010 WL 503118, at *1 (S.D. Fla. 2010) ("If an answer includes an affirmative defense of failure to state a claim for relief, a subsequent 12(b)(6) motion is null . . . but the court may construe the motion [ ] as a motion for judgment on the pleadings . . . ."). Fipps did not object to the Court's decision to construe his Motion as such and Dicks responded accordingly.

[2] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Dicks, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

to the hospital and Dicks was then "separated from Defendant Fipps and [his] cellular phone." Id. at 6. According to Dicks, "Defendant Fipps [then] made a warrantless nonconsensual intrusion into the cellular phone belonging to [Dicks] . . . ." Id. He alleges Fipps searched through the cellphone and retrieved "countless pictures of information including data, pictures, and other private information . . . ." Id. at 6-7. Dicks contends Fipps's search and seizure of the cellphone violated his Fourth Amendment rights. Id. at 8.

### III.   Motion for Judgment on the Pleadings

Entry of a judgment on the pleadings is proper when there are no issues of material fact, and the movant is entitled to judgment as a matter of law. See Rule 12(c); Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). Thus, a court should enter judgment on the pleadings only "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass' n, 137 F.3d 1293, 1295 (11th Cir. 1998). In determining whether to grant a motion for judgment on the pleadings, the court must accept "as true all material facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). If comparing the allegations in the competing pleadings discloses a material

dispute of fact, judgment on the pleadings must be denied. Id. (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)). "In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." Stanton, 239 F.2d at 106.

Rule 7(a) defines "pleadings" as complaints, counterclaims, crossclaims, answers, and court-ordered replies to answers. See Rule 7(a). While a court's determination of a motion for judgment on the pleadings is ordinarily limited to a review of such "pleadings," certain documents attached to a complaint may also be considered on such a motion. See Tassinari v. Key West Water Tours, L.C., 480 F. Supp. 2d 1318, 1320 (S.D. Fla. 2007)[3]; Rule 10(c). Indeed, pursuant to the incorporation by reference doctrine, attachments to pleadings may properly be considered on a motion for judgment on the pleadings if the attachments are central to the plaintiff's claim, and are undisputed in that their authenticity is not challenged. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that the incorporation by reference doctrine adopted in Rule 12(b)(6) decisions is also applicable to Rule 12(c) cases).

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

## IV. Discussion

Fipps makes one argument in his Motion. He asserts this case should be dismissed with prejudice because Dicks's Fourth Amendment claim is barred by the statute of limitations. Motion at 2. Although Fipps denies conducting any search of Dicks's cellphone, he argues that taking Dicks's allegations as true, Fipps allegedly conducted the warrantless search on the day Dicks was taken to the hospital and arrested – January 13, 2019. Id. at 4-5. Thus, he argues the Complaint, filed on April 3, 2023, is barred by the four-year statute of limitations.

In his Response, Dicks argues that despite what his Complaint states, Fipps's warrantless search of his cellphone did not occur on January 13, 2019, but instead occurred after March 15, 2019. Response at 3. According to Dicks, he failed to present allegations "clarify[ing] the difference in the date of the seizure and the earliest possible date that the evidence could have existed." Id. at 3. He contends the "mistake in clarification occurred while relying on transcripts of Defendant Fipps['s] sworn testimony from February 5, 2020 and was nothing more than a 'mere slip of the pen.'" Id. To that end, he seems to ask the Court to grant him leave to file an amended complaint, so he can explain when the search and Fourth Amendment violation occurred. Id. at 3-4.

5

As an initial matter, a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)). Also, when seeking leave to amend a complaint, a plaintiff "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018). Here, Dicks has neither filed a proper request for leave to amend his Complaint, nor has he attached a copy of the proposed amendment or otherwise set forth the supposed correct date the alleged Fourth Amendment violation occurred.

That said, "[t]he court should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2). Notably, the Eleventh Circuit Court of Appeals "has accepted a policy of liberal amendment." United States for Use & Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co., 831 F.2d 978, 983 (11th Cir. 1987) (citing Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519 (11th Cir. 1985); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir. 1981)); Rudolph v. Arthur Andersen & Co., 800 F.2d 1040, 1041-42 (11th Cir.

1986) (noting that Rule 15's direction that leave to amend "shall be freely given when justice so requires" is a "mandate [that] is to be heeded").

Dicks, who is proceeding pro se, has not previously amended his Complaint and if this case is dismissed, his claim may likely be barred by the statute of limitations. Thus, considering the procedural posture of this case and the representations in Dicks's Response, the Court directs Dicks to file a motion for leave to file an amended complaint and attach to his motion a copy of the proposed amended complaint clarifying the date on which the alleged Fourth Amendment violation occurred. The Court cautions Dicks, however, that his proposed amended complaint may not contain new claims against existing or new parties. The Court also cautions Dicks that any allegations in his proposed amended complaint are subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure. Pending review of Dicks's forthcoming motion, the Court defers ruling on Fipps's Motion.

Accordingly, it is

**ORDERED:**

1. The Court **DEFERS RULING** on Fipps's construed Motion for Judgment on the Pleadings (Doc. 23).

2. If Dicks wants to proceed, he must submit a proper motion for leave to file an amended complaint with an attached proposed amended complaint clarifying the date on which the alleged search occurred **by December 4, 2023**.

3. Fipps may file a response to Dicks's motion for leave to file an amended complaint **by January 4, 2024**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of November, 2023.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-7

C:  Stephen Michael Dicks, #V900688
    Counsel of record

8